health was such that the safety of her life required that she should spend the winter months either in the West Indies or in the Southern States, the vice chancellor ordered a gross sum of $400 to be paid to her for the expenses of her journey and board for four months,and that her former allowance for ad interim alimony should in the meantime be suspended. The husband's income was about $2000 a year. The complainant appealed.

A. TABER, for the appellant, insisted that the court was not authorized to make an allowance to the wife for that purpose.

E. SANDFORD, for the respondent, insisted that the allowance was proper, and the sum allowed was no more than the affidavits showed that her necessary expenses for board and passage money would be, without allowing any thing for clothing in the meantime.

The Chancellor affirmed the order with costs.

*Abraham J. Harrington and wife* v. *James Becker et al.*(*) M. FAIRCHILD, for defendant Crary ; C. F. INGALLS, for complainants. Application by one of the defendants to dismiss the bill for want of prosecution. The Chancellor decided that where a suit Method of abates by the death of some of the defendants before decree, the speeding cause which has a-proper course for the survivors, if they wish to speed the cause, is to bated. move for an order that the complainants revive the suit within such time as shall be directed by the court, or that their bill be dismissed with costs.

Motion to dismiss bill denied. Order directing that complainants cause suit to be revived against purchaser within ninety days, or that their bill be dismissed with costs as against the defeudant Crary ; unless the purchaser prevents the revival within that time by getting the usual time to answer the bill of revivor and supplement extended by order.

*Philander Hartson* v. *Ira Davenport.*(†) This was an appeal from an order of the vice chancellor of the seventh circuit allowing complainant to amend his bill. The object of the bill was to have a bond and mortgage which was alleged to be usurious, delivered up and cancelled. It contained a prayer for an injunction to restrain the defendant from proceeding in a suit at law upon his

(*) Decided January 9, 1847.   |   (†) Decided January 13, 1847.